# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JAMES BOWEN,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0120** (BOR Appeal No. 2055631)
(Claim No. 2019021261)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner James Bowen, by counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Huntington Alloys Corporation, by counsel Steven K. Wellman, filed a timely response.

The issue on appeal is the amount of permanent partial disability from occupational hearing loss in the claim. The claims administrator granted a 7.2% permanent partial disability award on April 8, 2019. On August 11, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated January 22, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Bowen was employed as a steelworker for Huntington Alloys Corporation for many years prior to his retirement on October 31, 2016. Over the years, he was exposed to excessive noise in the course of his employment, which caused him to suffer occupational noise-induced hearing loss. Mr. Bowen filed a previous hearing loss claim in which he received an award of 0.5% in 2004.

Because of his hearing loss, Mr. Bowen was seen by B. Joseph Touma, M.D., on January 9, 2019. Dr. Touma performed an examination which included audiometric findings by audiologist. Based upon air conduction scores, the four-frequency totals were 150 decibels in the right ear and 205 decibels in the left ear. Using bone conduction scores, Mr. Bowen's four-frequency totals were 170 decibels in the right ear and 195 decibels in the left ear. Dr. Touma stated that he used 150 decibels (the air score) on the right but 195 decibels (the bone score) on the left to calculate whole person impairment. Based upon these findings, Dr. Touma made a diagnosis of occupational noise-induced hearing loss and opined that Mr. Bowen was exhibiting 10.5% whole person impairment due to occupational hearing loss. Dr. Touma also recommended hearing aids. Following Dr. Touma's recommendation, Mr. Bowen filed an application for workers' compensation benefits.

Mr. Bowen underwent an Independent Medical Evaluation by David A. Philips, M.D., on April 2, 2019. Dr. Philips agreed with Dr. Touma that he suffers from bilateral sensorineural hearing loss due to occupational noise exposure. However, Dr. Philips noted that Dr. Touma's impairment calculation was "somewhat unusual in utilizing a four frequency total in air for the right ear and four frequency total in bone for the left," with no additional comment or adjustment. Dr. Philips felt that Mr. Bowen's age and health history, which includes hypertension, high cholesterol, diabetes, and coronary artery disease, would be expected to have contributed to his hearing loss. Dr. Philips observed that the majority of asymmetry in his hearing was in the low frequencies, and he opined that it is not consistent for noise to cause a slight left-versus-right difference in the high frequencies. For this reason, Dr. Philips opined that bone conduction thresholds should be used bilaterally, not just in the right ear. Dr. Philips recommended adjusting the results to 20 decibels at 500 Hz bilaterally and 25 decibels at 1,000

Hz bilaterally to disallow for Mr. Bowen's significant low frequency hearing loss. After making these adjustments, Dr. Philips calculated 7.7% whole person impairment.

On April 8, 2019, the claims administrator granted Mr. Bowen a 7.2% permanent partial disability award for hearing loss. The Order was based upon a report of Dr. Philips, who found 7.7% permanent partial disability attributable to occupational noise-induced hearing loss. The claims administrator noted that Mr. Bowen was granted a 0.5% permanent partial disability award for a hearing loss claim with a date of last exposure of July 4, 2004, in claim number 2005002759. Mr. Bowen protested the claims administrator's decision and argued that he tendered a reliable report from Dr. Touma, who performed the requisite testing and specifically made adjustments which he felt were necessary to determine Mr. Bowen's whole person impairment.

On August 11, 2020, the Office of Judges issued a Final Decision stating that Mr. Bowen has not proven by a preponderance of the evidence that he has greater than 7.7% whole person impairment related to occupational hearing loss. Dr. Philips's report was found to be more persuasive than Dr. Touma's report, as he explained his methodology and questioned Dr. Touma's calculations. As a result, the Office of Judges affirmed the April 8, 2019, Order issued by the claims administrator. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Final Decision in an Order dated January 22, 2021.

After review, we agree with the findings and reasoning of the Office of Judges, as affirmed by the Board of Review. The Office of Judges found the report of Dr. Philips to be more persuasive than the report of Dr. Touma. It appears that Dr. Touma failed to consider any of Mr. Bowen's non-occupational health factors and utilized an unexplained method of calculating impairment. Also, because the two audiograms in the record are within the test-retest reliability threshold, a third audiogram is not required in this claim. Mr. Bowen has not proven that he is entitled to a greater amount of permanent partial disability for his occupational hearing loss.

Affirmed.

**ISSUED: April 20, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment